***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Berger, with modifications.
 *********** EXHIBITS
1. A set of medical records marked as Plaintiff's Exhibit 1 was received into evidence.
2. A returned receipt dated November 21, 2002 and signed by Ronald Fowler was marked as Court's Exhibit 1 and received into evidence.
3. A returned receipt dated May 30, 2002 and signed by Ronald Fowler was marked as Court's Exhibit 1 and received into evidence.
 ***********
Based upon the evidentiary record, the Full Commission makes the following
 FINDINGS OF FACT
1. An employer-employee relationship existed between plaintiff and defendant at all relevant times.
2. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. From at least August 30, 2000, to February 14, 2001, defendant employed at least three or more employees. During this time period, defendant refused or neglected to secure workers' compensation coverage for his employees. On February 14, 2001, defendant Derek Fozart had the ability and authority to bring his business into compliance with N.C. General Statute § 97-93 and willfully refused or neglected to do so.
4. On February 14, 2001, plaintiff was riding in a truck that overturned while traveling to deliver items on the truck for a customer on behalf of the defendant. As a result of this accident that occurred during the course and scope of his employment with defendant, plaintiff sustained sprains to his neck and lower back and a strain in his left shoulder.
5. As a result of the February 14, 2001, vehicular accident plaintiff was unable to earn any wages beginning February 14, 2001, to June 12, 2002. Plaintiff was released to return to work on March 13, 2002. He conducted a reasonable and successful job search resulting in employment earning an average weekly wage comparable to the wages he was earning on February 14, 2001. Plaintiff did not return to work for the defendant because defendant had no workers' compensation insurance.
6. On February 14, 2001, plaintiff's average weekly wage was $400.00. At oral argument before the Full Commission, defendant offered payroll records he contended would show a lower average weekly wage. Those records were not received into evidence by the Commission at that time because defendant had had an opportunity to submit them on December 16, 2002 but failed to appear at the hearing.
7. As a result of the February 14, 2001, compensable injury by accident, plaintiff incurred the following medical expenses: Vance County EMS, $420.00; Joseph Stinick, MD, $110.00; Durham Regional Hospital, $270.09; Durham Regional Hospital Radiology, $105.00; Durham Regional Hospital ER Department, $151.00; and Private Diagnostic Clinic Duke Medical Center, $2,018.00.
8. The above referenced medical expenses were reasonably necessary to lessen the period of disability, effect a cure or give relief to plaintiff.
 ***********
Based upon the foregoing Exhibits and Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On February 14, 2001, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to have defendant pay temporary total disability compensation in the amount of $266.40 per week from February 14, 2001, to June 12, 2001. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendant pay medical expenses reasonably incurred to lessen the period of disability, effect a cure, or give relief. N.C. Gen. Stat. § 97-25.
4. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-93(b).
5. Defendant had the ability and authority to bring his business into compliance with N.C. Gen. Stat. § 97-93 and may be assessed a penalty equal to 100% of the amount of compensation due to his employees injured during the time defendant failed to comply with N.C. Gen. Stat. §97-93. N.C. Gen. Stat. § 97-94(d).
 ***********
Based upon the forgoing findings of facts and conclusion of law, the Full Commission makes the following:
 AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation in the amount of $266.40 per week for the time period beginning February 14, 2001, to June 12, 2001. The amount that has accrued, $4,528.80, shall be paid to plaintiff in a lump sum.
2. As a result of the February 14, 2001, compensable injury by accident, plaintiff incurred the following medical expenses: Vance County EMS, $420.00; Joseph Stinick, MD, $110.00; Durham Regional Hospital, $270.09; Durham Regional Hospital Radiology, $105.00; Durham Regional Hospital ER Department, $151.00; and Private Diagnostic Clinic Duke Medical Center, $2,018.00.
3. Pursuant to N.C. Gen. Stat. § 97-94(b), a penalty is assessed against Derek Fozart in the amount of $8,400.00. This amount shall be paid by a check payable to the Industrial Commission and sent directly to Kay Emanuel at the Industrial Commission.
4. Pursuant to N.C. Gen. Stat. § 97-94(d), a penalty is assessed against Derek Fozart in the amount of $7,602.09. This amount shall be paid by a check payable to the Industrial Commission and sent directly to Kay Emanuel at the Industrial Commission.
5. The penalties assessed in paragraphs 3 and 4 shall be reduced to $1,000.00 cumulatively provided that the defendant pay plaintiff $4,528.80 and that he pay the healthcare providers the amounts set forth in this Opinion and Award within 15 days of the filing of this decision. If defendant fails to make such payment prior to the 15-day deadline, the full amount of the penalties and the full amount of the award are then immediately due and payable.
6. Defendant shall pay to the Industrial Commission costs in the amount of $200.00.
7. Plaintiff's claim for permanent partial disability compensation, if any, is HEREBY RESERVED.
8. A copy of this decision shall be sent by the Industrial Commission to all of the healthcare providers listed in findings of fact 7. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these bills from Kenneth Hayes. Failure to comply with this order by the healthcare providers and their collection agencies will result in the initiation of contempt proceedings against persons in violation of this order.
This 3rd day of October 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER